IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESLEY BONDS, individually<br>and as best friend to TA-LOR BONDS,<br>a minor,<br><br>                 Plaintiff,<br>v.<br><br>OFFICERS CHIOCCA, Star # 13013,<br>FINDYSZ, Star # 19405, INGRAM, Jr.,<br>Star # 13311 and THE CITY OF CHICAGO,<br>A MUNICIPAL CORPORATION,<br>                 Defendants. | No:<br>FILED: JUNE 9 , 2008<br>   08CV3315<br>   JUDGE CASTILLO<br>   MAGISTRATE JUDGE BROWN<br>   NF |

## COMPLAINT

1.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1323 (3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

2.     Plaintiff, Wesley Bonds is an African-American male, and is the natural father of Ta-lor Bonds, a four year old minor. Both are citizens of the United States and residents of Chicago, Illinois.

3.     Defendant OFFICERS CHIOCCA, FINDYSZ AND INGRAM, JR. are white police officers employed by the City of Chicago, and were at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Chiocca, Findsz and Ingram are being sued individually.

1

4.       The City of Chicago, is a municipal corporation within the State of Illinois, and was all times material to this Complaint, the employer of defendant police officers Chiocca, Findsz, and Ingram, Jr.

## FACTS

5.       On June 10, 2007, Wesley Bonds along with his four year old daughter and six week old puppy were leaving a park when they were pulled over by an unmarked police car.

6.  The officers exited their vehicle with their guns drawn and ordered Plaintiff Wesley Bonds out of his vehicle. Plaintiff Ta-lor Bonds began to scream, unbuckling her seat belt and jumping into her father's lap.

7.  A defendant officer opened Plaintiff Wesley Bond's door, while Jane Poe pulled Ta-lor out of her father's arms. Plaintiff Wesley Bond's was then pulled from the vehicle and his arm twisted behind him.

8.  Defendant Officers then proceeded to search the car and place Plaintiff Wesley Bonds under arrest. Defendant Officers handed Plaintiff Ta-lor Bonds off to a spectator watching the incident.

9.  All criminal charges were eventually resolved in Plaintiff Wesley Bond's favor.

## COUNT I

### (42 U.S.C. SECTION 1983-Excessive Force Claim)

(1-9). Plaintiff Wesley Bonds alleges and realleges paragraphs 1 through 9 as fully set forth above.

10. As a result of the unreasonable and unjustifiable attack on Wesley Bonds, Bonds suffered both physical and emotional injuries.

11. This unreasonable and unjustifiable attack of the Plaintiff Wesley Bonds by defendant officers Chiocca, Findsz, and Ingram, Jr. was a direct and proximate cause of his pain, suffering and metal anguish. This act by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, Plaintiff's Thirteenth Amendment right to freedom from badges and incidents of slavery, in addition to a violation of 42 U.S.C. 1983.

**WHEREFORE**, Plaintiff Wesley Bonds demands compensatory damages against Defendant Officers Chiocca, Findsz, and Ingram, Jr.; and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands $25,000 in punitive damages from each individual defendant, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT II

**(42 U.S.C. SECTION 1983-False Arrest)**

(1-9). Plaintiff Wesley Bonds alleges and realleges paragraphs 1 through 9 as fully set forth herein.

10. The above acts of the Defendant Officers Chiocca, Findsz, and Ingram, Jr. were intentionally done without probable cause and was a direct and proximate cause of Plaintiff Wesley Bond's pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and

seizure.

**WHEREFORE,** Plaintiff Wesley Bonds seeks actual or compensatory damages against Defendant Officers Chiocca, Findsz, and Ingram, Jr. individually and because they acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against Officers Chiocca, Findsz, and Ingram, Jr. individually.

## COUNT III

### (42 U.S.C. Section 1983-Conspiracy)

(1-9). Plaintiff Wesley Bonds alleges and realleges paragraphs 1 through 9 as though fully set forth herein.

9. Defendant Officers Chiocca, Findsz, and Ingram, Jr. reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

10. All defendant officers did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the Plaintiff of his rights, privileges and immunities as guaranteed by the Constitution and laws of the United States.

11. Additionally, said conspiracy/joint action violated Plaintiff's Fourth Amendment rights under the color of law in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of his pain, suffering and metal anguish.

12. Acting in furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to the excessive force and false arrest as

fully alleged in paragraphs 1-9. This course of conduct by the Defendants was done willfully, maliciously, intentionally or with reckless disregard and directly and proximately caused serious injury to the Plaintiff.

**WHEREFORE** Plaintiff demands compensatory damages against each Defendant, and because the Defendants acted maliciously, willfully and /or wantonly, Plaintiff demands punitive damages against Defendant Officers Chiocca, Findsz, and Ingram, Jr. individually.

## COUNT IV

**(Supplemental State Claim for Assault and Battery)**

(1-9).   Plaintiff Wesley Bonds alleges and realleges paragraphs 1 through 9 as though fully set forth herein.

10.   The acts of the Defendant Officers Chiocca, Findsz, and Ingram, Jr described above, were done maliciously, willfully and wantonly and with such reckless disregard for their natural consequences as to constitute assault and battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**WHEREFORE,** Plaintiff Wesley Bonds demands judgment against Defendant Officers Chiocca, Findsz, and Ingram, Jr., individually, an amount in compensatory damages and because the Defendants acted maliciously, willfully and/or wantonly, punitive or exemplary damages, plus costs for the battery against him.

## COUNT V

**(Malicious Prosecution under Illinois Law)**

(1-9).   Plaintiff Wesley Bonds alleges and realleges paragraphs 1 through 9 as though fully set forth herein.

10.   The above prosecution was initiated by the defendants to cover up the unjustifiable treatment of the Plaintiff.

11.   The defendants fabricated complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff to the prosecutor.

12.   The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

13.   The unjustifiable prosecution of the Plaintiff Wesley Bonds was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE,** Plaintiff Wesley Bonds seeks actual or compensatory damages against Defendant Officers Chiocca, Findsz, and Ingram, Jr., individually, and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages against each defendant officer.

## COUNT VI

**(Intentional Infliction of Emotional Distress under Illinois Law)**

(1-9).   Plaintiff Ta-lor Bonds alleges and realleges paragraphs 1 through 9 as though fully set forth herein.

18.     Ta-lor Bonds was ripped from her father's arms, witnessed guns pulled on her and her father and witnessed her father being ill-treated by the police.

19.     At the time of the assault and false arrest, Plaintiff Wesley Bonds told the officers that he was with his daughter, but officers disregarded his pleas and handed Ta-lor off to bystanders.

**WHEREFORE,** Plaintiff Ta-lor Bonds seeks actual or compensatory damages against Defendant Officers Chiocca, Findsz, and Ingram, Jr., individually, and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiff Ta-lor Bonds demands punitive damages against each defendant officer.

## COUNT VII

### (Respondent Superior under Illinois Law/ City of Chicago)

(1-9).   Plaintiff Wesley Bonds and Ta-lor Bonds allege and reallege paragraphs 1 through 9 as though fully set forth herein.

10.  The aforesaid acts of Defendant Officers Chiocca, Findsz, and Ingram, Jr. in maliciously prosecuting and assaulting Wesley Bonds and intentionally inflicting emotional distress on Ta-lor Bonds was done within the scope of their employment as Chicago police officers, were willful and wanton, and therefore the defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**WHEREFORE,** Plaintiff Wesley Bonds and Ta-lor Bonds demand judgment against defendant City of Chicago plus costs, and such other additional relief as this

Court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS.**

        Respectfully Submitted,

        The Law Office of Standish E. Willis

        <u>By: /s/ Angela Lockett</u>

407 S. Dearborn, Suite 1395
Chicago, IL  60605
312.554.0005